1   ERIC M. ALDERETE, STATE BAR NO. 199565
    eric.alderete@usbank.com
2   U.S. BANK NATIONAL ASSOCIATION
    3121 Michelson Drive, Suite 500
3   Irvine, CA  92612
    Telephone:  (949) 798-6781
4   Facsimile:  (949) 798-4258

5
    Attorneys for Defendant
6   U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR
    IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE
7   CORPORATION AS RECEIVER FOR DOWNEY SAVINGS
    AND LOAN ASSOCIATION, F.A.
8

9

10                  UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12

13  MARSHAL ROTHMAN                    Case No:     CV 13-3381- MMC

14              Plaintiff,             **U.S. BANK NATIONAL ASSOCIATION,
                                       SUCCESSOR IN INTEREST TO THE**
15        vs.                          **FEDERAL DEPOSIT INSURANCE
                                       CORPORATION AS RECEIVER FOR**
16  U.S. BANK NATIONAL ASSOCIATION     **DOWNEY SAVINGS AND LOAN**
    & OLD REPUBLIC DIVERSIFIED         **ASSOCIATION, F.A.'s OPPOSITION TO**
17  SERVICES, INC. d/b/a OLD REPUBLIC  **PLAINTIFF'S MOTION FOR**
    DEFAULT MANAGEMENTS SERVICES       **PRELIMINARY INJUNCTION**
18
19              Defendants.

20                                     Date:   August 30, 2013
                                       Time:   9:00 a.m.
21                                     Dept.:  7
                                       Judge:  Hon. Maxine M. Chesney
22
                                       Complaint Filed:  July 19, 2013
23

24

25

26

27

28

DEFENDANT U.S. BANK'S OPPOSITION TO          Case No.:  CV 13 3381 - MMC
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.   STATEMENT OF FACTS ................................................................................... 1

III.   LEGAL ANALYSIS ........................................................................................... 3

   A.   Standard Of Review .............................................................................. 3

   B.   Plaintiff Cannot Demonstrate Irreparable Harm ................................... 4

   C.   The Balance Of Equities And Public Interest Weigh In Favor Of
        U.S. Bank ............................................................................................. 5

   D.   Plaintiff Is Not Likely To Succeed On The Merits. ............................... 6

        1.   The First Cause of Action for Wrongful Foreclosure Fails ........ 7

        2.   The Second Cause of Action for Negligent Misrepresentation
             Fails ....................................................................................... 7

        3.   Plaintiff's Third Cause of Action for Breach of Contract Fails ............... 10

        4.   The Fourth Cause of Action for Breach of the Implied
             Covenant of Good Faith and Fair Dealing Fails ..................... 11

        5.   The Fifth Cause Of Action For Violation Of The Real Estate
             Settlement Procedures Act, 12 U.S.C. § 2601 Et Seq. Fails ..................... 12

        6.   The Sixth Cause Of Action For Violation Of California Civil
             Code Section 2924.12 Fails .................................................... 14

        7.   The Seventh Cause Of Action For False Light Fails ................ 15

        8.   The Eight Cause Of Action For Accounting Fails .................... 16

        9.   The Ninth Cause Of Action For Violation Of California
             Business and Professions Code §§ 17200, Et Seq. Fails ......................... 17

IV.   CONCLUSION .................................................................................................. 19

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page**

<u>Cases</u>

3

4
*Alcaraz v. Wachovia Mortgage FSB,*
    592 F. Supp. 2d 1296 (E.D. Cal. 2009) ................................................................ 5

5

*Alliance for Wild Rockies v. Cottrell,*
6
    632 F.3d 1127 (9th Cir. 2011) ............................................................................ 4

7
*Apollo Capital Fund, LLC v. Roth Capital Partners, LLC,*
    158 Cal. App. 4th 226 (2007) ............................................................................ 8
8

9
*Argueta v. J.P. Morgan Chase,*
    2011 U.S. Dist. LEXIS 138330  (E.D. Cal. Dec. 1, 2011) ................................ 8

10

*Berryman v. Merit Prop. Mgmt., Inc.,*
11
    152 Cal. App. 4th 1544 (2007) .......................................................................... 18

12
*Bogdan v. Countrywide Home Loans,*
    2010 U.S. Dist. LEXIS 28889 (E.D. Cal. Mar. 26, 2010) ................................ 7
13

14
*Button v. Greenpoint Mortg. Funding, Inc.,*
    2012 U.S. Dist. LEXIS 129446 (C.D. Cal. Sept. 11, 2012) .............................. 4

15
*Carna Developers v. Marathon Dev. Cal. Inc.,*
16
    2 Cal. 4th 342 (1992) ........................................................................................ 11

17
*Carson v. Bank of America, N.A.,*
    2012 U.S. Dist. LEXIS 149805 (E.D. Cal. Oct. 17, 2012) ............................... 15
18

19
*Corsini v. Canyon Equity, LLC,*
    2011 U.S. Dist. LEXIS 54872 (N.D. Cal. May 23, 2011) ................................ 16

20
*Cotter v. Desert Palace,*
21
    880 F.2d 1142 (9th Cir. 1989) ............................................................................ 5

22
*Dairy Queen, Inc. v. Wood,*
    369 U.S. 469 (1962) .......................................................................................... 16
23

24
*Delino v. Platinum Community Bank,*
    628 F.Supp.2d 1226 (S.D. Cal. 2009) ................................................................ 13

25
*Finney v. Gomez,*
26
    111 Cal. App. 4th 527 (2003) ............................................................................ 17

27
*Garcia v. Ocwen Loan Servicing, LLC,*
    2010 U.S. Dist. LEXIS 45375 (N.D. Cal. May 10, 2010) ................................ 8
28

*Ghuman v. Wells Fargo Bank, N.A.,*
   2013 U.S. Dist. LEXIS 19647 (E.D. Cal. Feb. 12, 2013) ............................................. 7

*Goldie's Bookstore, Inc. v. Superior Court of State of California,*
   739 F.2d 466 (9th Cir. 1984) ....................................................................................... 4

*Gov't Computer Sales Inc. v. Dell Mktg.,*
   199 Fed. Appx. 636 (9th Cir. 2006) ............................................................................. 8

*Gray v. Bekins,*
   186 Cal. 389 (1921) ..................................................................................................... 10

*Guglielmelli v. Wells Fargo Bank, N.A.,*
   2013 U.S. Dist. LEXIS 43063 (C.D. Cal. Mar. 26, 2013) .......................................... 14

*Hernandez v. Bank of Am.,*
   2011 U.S. Dist. LEXIS 54781 (E.D. Cal. May 11, 2011) ............................................ 8

*Howard v. Blue Ridge Bank,*
   371 F. Supp. 2d 1139 (N.D. Cal. 2005) ..................................................................... 15

*Ireland v. Centralbanc Mortg. Corp.,*
   2012 U.S. Dist. LEXIS 133434 (N.D. Cal. Sept. 18, 2012) ...................................... 13

*Kim v. Sumitomo Bank,*
   17 Cal. App. 4th 974 (1993) ....................................................................................... 17

*Krantz v. BT Visual Images,*
   89 Cal. App. 4th 164 (2001) ....................................................................................... 18

*Kulberg v. Wash. Mut. Bank,*
   2011 U.S. Dist. LEXIS 40458 (S.D. Cal. Apr. 14, 2011) .......................................... 17

*Laborers' Pension Fund v. Blackmore Sewer Constr.,*
   298 F.3d 600 (7th Cir. 2002) ....................................................................................... 2

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.,*
   940 F.2d 397 (9th Cir. 1991) ....................................................................................... 9

*Lazar v. Hertz Corp.,*
   69 Cal. App. 4th 1494 (1999) ..................................................................................... 18

*Lona v. Citibank, N.A.,*
   202 Cal. App. 4th 89 (2011) ......................................................................................... 7

*Lortz v. Connell,*
   273 Cal. App. 2d 286 (1969) ....................................................................................... 10

*Love v. Fire Insurance Exchange,*
 221 Cal. App. 3d 1136 (1990) ................................................................. 11

*Lucero v. Diversified Invs. Inc.,*
 2010 U.S. Dist. LEXIS 90200 (S.D. Cal. Aug. 31, 2010) ....................... 13

*Managed Pharm. Care v. Sebelius,*
 716 F.3d 1235 (9th Cir. 2013) ............................................................. 3, 4

*McDonnell v. Bank of Am.,*
 2013 U.S. Dist. LEXIS 84481 (E.D. Cal. June 14, 2013) ....................... 13

*McGough v. Wells Fargo Bank, N.A.,*
 2012 U.S. Dist. LEXIS 151737 (N.D. Cal. Oct. 22, 2012) ..................... 14

*McLean v. Aurora Loan Servicing,*
 2011 U.S. Dist. LEXIS 115128 (S.D. Cal. Oct. 3, 2011) .......................... 4

*Michael J. Weber Living Trust v. Wells Fargo Bank, N.A.,*
 2013 U.S. Dist. LEXIS 41797 (N.D. Cal. Mar. 25, 2013) ...................... 15

*Nardico v. J.P. Morgan Chase & Co.,*
 2013 U.S. Dist. LEXIS 4727 (N.D. Cal. Jan. 11, 2013) ........................... 5

*Nken v. Holder,*
 556 U.S. 418 (2009) ................................................................................ 4

*Perucca v. U.S. Bank,*
 2013 U.S. Dist. LEXIS 69384 (C.D. Cal. May 15, 2013) ....................... 14

*Petrella v. Metro-Goldwyn-Mayer, Inc.,*
 2012 U.S. App. LEXIS 18322 (9th Cir. Aug. 29, 2012) ......................... 16

*Protect Our Cmtys. Found. v. USDA,*
 845 F. Supp. 2d 1102 (S.D. Cal. 2012) ................................................... 4

*Racine & Laramie, Ltd. v. Department of Parks and Recreation,*
 11 Cal. App. 1026 (1992) ....................................................................... 11

*Reichert v. General Ins. Co.,*
 68 Cal. 2d 822 (1968) ............................................................................ 10

*Ren v. Wells Fargo Bank, N.A.,*
 2013 U.S. Dist. LEXIS 80575 (N.D. Cal. June 7, 2013) .................... 15, 16

*Rivera v. BAC Home Loans Servicing, L.P.,*
 2010 U.S. Dist. LEXIS 80294 (N.D. Cal. July 9, 2010) ........................... 4

*Robinson v. Delicious Vinyl Records, Inc.,*
 2013 U.S. Dist. LEXIS 109279 (D. Cal. 2013) ........................................ 4

DEFENDANT U.S. BANK'S OPPOSITION TO                    Case No.: CV 13 3381- MMC
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

*Rodela v. Guild Mortg. Co.*,
  U.S. Dist. LEXIS 6020 (E.D. Cal. Jan. 19, 2012) .................................................. 13

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
  732 F. Supp. 2d 952 (N.D. Cal. 2010) ............................................................ 7

*Schneider v. Bank of America, N.A.*,
  2013 U.S. Dist. LEXIS 42827 (E.D. Cal. Mar. 26, 2013).................................... 7

*Scripps Clinic v. Superior Court*,
  108 Cal. App. 4th 9l7 (2003)...................................................................... 19

*Semiconductor Energy Lab. Co. v. Yujiro Nagata*,
  2012 U.S. Dist. LEXIS 7414 (N.D. Cal. Jan. 23, 2012) ................................... 14

*Sholiay v. Fannie Mae*,
  2013 U.S. Dist. LEXIS 100122 (E.D. Cal. July 16, 2013)................................... 9

*Solano v. Playgirl, Inc.*,
  292 F.3d 1078 (9th Cir. 2002)...................................................................... 16

*Spencer v. DHI Mortg. Co.*,
  642 F. Supp. 2d 1153 (E.D. Cal. 2009) ........................................................... 9

*St. James Church of Christ Holiness v. Superior Court*,
  135 Cal. App. 2d 352 (1955).......................................................................... 17

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) .................................................................... 9, 10

*Teselle v. McLoughlin*,
  173 Cal. App. 4th 156 (2009) ...................................................................... 17

*United Food & Commer. Workers Cent. Pa. v. Amgen, Inc.*,
  400 Fed. Appx. 255 (9th Cir. Cal. 2010).......................................................... 18

*Vega v. JP Morgan Chase Bank, N.A.*,
  654 F. Supp. 2d 1104 (E.D. Cal. 2009) ........................................................... 7

*Villegas v. Wells Fargo Bank, N.A.*,
  2012 U.S. Dist. LEXIS 132511 (N.D. Cal. Sept. 17, 2012) ............................... 9

*Warner Bros. Entm't, Inc. v. WTV Sys.*,
  824 F. Supp. 2d 1003 (C.D. Cal. 2011)........................................................... 6

*Williamson v. Sacramento Mortg.*,
  2011 U.S. Dist. LEXIS 113146 (E.D. Cal. Sept. 30, 2011) ............................... 13

*Winter v. NRDC, Inc.*,
  555 U.S. 7 (2008) .................................................................................... 3, 4

DEFENDANT U.S. BANK'S OPPOSITION TO                    Case No.:  CV 13 3381- MMC
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

## Codes and Statutes

**Business and Professions Code**
  17200 ................................................................................ 17, 18, 19

**Code of Civil Procedure**
  580b ...................................................................................... 6

**Civil Code**
  2923.7 ................................................................................. 14
  2923.7(a) ............................................................................ 14
  2924.12 .............................................................................. 14
  2924.17 ......................................................................... 14, 15
  2924.17(a) .......................................................................... 15
  2924.17(a)(1) ...................................................................... 14
  2924.7 ................................................................................ 14

**12 U.S.C.**
  1461 et seq. ........................................................................ 18
  1462 ................................................................................... 18
  1463 ................................................................................... 18
  24 ...................................................................................... 18
  2601 ........................................................................... 5, 12, 13
  2604 ................................................................................... 13
  2604(c) .............................................................................. 13
  2605 ............................................................................. 13, 14
  2605(f) .............................................................................. 13
  2607 ................................................................................... 14
  2607(d) .............................................................................. 13
  2608 ................................................................................... 14
  2608(b) .............................................................................. 13

**15 U.S.C.**
  1681 et seq. ........................................................................ 15
  1681s(b)(1)(F) ...................................................................... 15

**Evidence Code**
  452(c) .................................................................................. 2
  452(h) .................................................................................. 2

## Rules

  Rule 9(b) ....................................................................... 9, 10, 18
  Rules 26 through 37 of the Federal Rules of Civil Procedure ............. 17

## Regulations
  12 C.F.R. §§ 34.4, 560.2(b)(4) and (10) ................................... 18
  24 C.F.R §3500.7(a) ............................................................. 13

## Other Authorities
  5 Witkin, California Procedure, Pleading, section 820 (2008) ............. 16

DEFENDANT U.S. BANK'S OPPOSITION TO                    Case No.:  CV 13 3381- MMC
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

## I.      INTRODUCTION

Plaintiff, Marshal Rothman ("Plaintiff") comes before this Court requesting the drastic remedy of enjoining U.S. Bank National Association, Successor in Interest to the Federal Deposit Insurance Corporation as Receiver for Downey Savings and Loan Association, F.A. ("U.S. Bank") ") from exercising its bargained-for rights to foreclose on the property located at 18 Sheridan Court, Mill Valley, California 94941 (the "Property").  Plaintiff seeks this extraordinary relief despite the fact that he *admits that he is at least $144,000 in arrears and acknowledges that he "missed" at least "ten or so monthly payments of about $14,000 each."* (Complaint, ¶ 32.)  In fact, Plaintiff is $228,282.07 in arrears as of June 4, 2013 and has not made a payment on his $2.8 million loan (the "Loan") with U.S. Bank in over a year.  (Declaration of Eloise Carillo ("Carillo Decl."), ¶ 4.)  Even worse, Plaintiff seeks to enjoin U.S. Bank from foreclosing on the Property when no immediate harms exists given that no trustee's sale has been scheduled.  (Carillo Decl., ¶ 6.)

Instead of taking responsibility for his monetary obligations, Plaintiff points the finger of blame at U.S. Bank and complains that U.S. Bank failed to provide a "comprehensive" account even though U.S. Bank provided two "Customer Account Activity Statements" to him that detail each and every charge and payment received on Plaintiff's loan for the period after January 1, 2011.  (Declaration of Marshall Rothman ("Rothman Decl."), Exs. M and S.)  Plaintiff also complains that U.S. Bank charged him late fees, even though the loan documents expressly permitted such fees.  This Court should deny Plaintiff's request for injunctive relief against U.S. Bank for the reasons set forth below.

## II.     STATEMENT OF FACTS[1]

On February 21, 2007, Plaintiff, as maker, signed an Adjustable Rate Note (the "Note") in the principal amount of $2,802,500 (the "Loan") in favor of Downey Savings and Loan Association, F.A. ("Downey Savings").  (Rothman Decl., Ex. A.)  Under the Note, Plaintiff

---

[1]  U.S. Bank's Statement of Facts is based, in part, on the allegations contained in Plaintiff's Complaint and the Declaration of Marshal Rothman.  Nothing in this Memorandum should be construed as admission as to the validity of any of the factual allegations in this case.

DEFENDANT U.S. BANK'S OPPOSITION TO                          Case No.:  CV 13 3381 - MMC
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1    agreed to make monthly payments from April 1, 2007 to March 1, 2037.  (*Id*.)  The Note was

2    secured by a Deed of Trust covering the Property.  (Rothman Decl., Ex. B.)

3         On November 21, 2008, the Office of Thrift Supervision ("OTS") closed Downey Savings

4    and appointed the Federal Deposit Insurance Corporation as Receiver for that financial institution

5    ("FDIC-R").[2]  Concurrent with that appointment, U.S. Bank acquired certain assets and liabilities

6    of Downey Savings from the FDIC-R, including Plaintiff's Loan.

7         According to Plaintiff, he submitted a loan modification application to U.S. Bank in May

8    2011.  (Rothman Decl., ¶ 6.)

9         In February 2012, Plaintiff failed to make his monthly payments as required under the Note.

10   (Rothman Decl., ¶ 7.)  According to Plaintiff, he paid $74,643.23 to U.S. Bank on August 29, 2012.

11   (Rothman Decl., ¶ 13, Ex. C.)

12        On approximately September 4, 2012, U.S. Bank sent a letter to Plaintiff advising him that

13   he breached the Note by failing to making his monthly payments and that he owed a total of

14   $53,031.69 in outstanding payments and $4,993.61 in late charges.  (Rothman Decl., Ex. D.)

15        On approximately January 2, 2013, U.S. Bank notified Plaintiff in writing that his loan

16   modification application had been denied.  (Rothman Decl., ¶ 17.)

17        On January 8, 2013, U.S. Bank sent a letter to Plaintiff advising him that it would be

18   initiating foreclosure action and that his Loan had been referred to U.S. Bank's "attorney to begin

19   legal proceeding immediately."  (Rothman Decl., Ex. F.)

20        According to Plaintiff, he requested an accounting from U.S. Bank of the outstanding

21   balance.  (Rothman Decl., ¶¶ 20-24.)  On April 16, 2013, Plaintiff received a Customer Account

22   Activity Statement setting forth a complete history of the transactions relating to the Loan during

23

24

25

26   [2]  This information is taken from the FDIC-R's website, www.fdic.gov/bank/individual/
        failed/downey.html.  This Court can take judicial notice of the information contained on this

27      website pursuant to Evidence Code sections 452(c) and (h).  See also *Laborers' Pension
        Fund v. Blackmore Sewer Constr.,* 298 F.3d 600, 607 (7th Cir. 2002) (taking judicial notice

28      of information from the FDIC's official website).

the period of January 1, 2011 to April 10, 2013.  (Rothman Declaration, Ex. M.)  The Customer Account Activity Statement expressly set forth the amount of taxes and insurance paid by U.S. Bank on Plaintiff's behalf as well as the late charges and outstanding payments owed by Plaintiff to U.S. Bank.  (*Id.*)  The Customer Account Activity Statement unequivocally demonstrated that Plaintiff did not make any of his monthly payments for the period of July 1, 2012 to April 10, 2013.  U.S. Bank has advanced fees and Plaintiff currently has an outstanding balance of $66,061.24 in advanced taxes and insurance owed on the Property.  (*Id.*; Carillo Decl., ¶ 4.)

On May 16, 2013, a Notice of Default and Election to Sell Under the Deed of Trust ("Notice of Default") was recorded with the Marin County Recorder's Office.  (Carillo Decl., Ex. 1.)  The Notice of Default indicated that Plaintiff was $213,774.53 in arrears as of May 15, 2013.  (*Id.*)

On June 4, 2013, Plaintiff received a letter from Old Republic Default Management Services setting forth in detail the amounts necessary to reinstate his Loan.  (Rothman Decl., Ex. S.)  This letter also included a second Customer Account Activity Statement setting forth a detailed accounting of Plaintiff's Loan for the period of January 1, 2011 to May 28, 2013.  (*Id.*)

Despite U.S. Bank's filing of a Notice of Default, no trustee's sale has been scheduled. (Carillo Decl., ¶ 6 and Ex. 2.)

On July 19, 2013, Plaintiff filed this action against U.S. Bank and other defendants.  On July 23, 2013, Plaintiff filed a Motion for Preliminary Injunction (the "Motion") seeking to enjoin U.S. Bank from conducting a non-judicial foreclosure sale on the Property.  For the reasons set forth below, this Court should deny the Motion.

## III.   LEGAL ANALYSIS

### A.   Standard Of Review

A preliminary injunction is an extraordinary remedy and is appropriate only when the plaintiff seeking a preliminary injunction establishes that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and, (4) an injunction is in the public interest.  *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008); *Managed Pharm. Care v. Sebelius*, 716 F.3d 1235, 1244 (9th Cir. 2013).

1    In each case, a court "must balance the competing claims of injury and must consider the effect

2    on each party of the granting or withholding of the requested relief."  *Button v. Greenpoint*

3    *Mortg. Funding, Inc.*, 2012 U.S. Dist. LEXIS 129446, *3-4 (C.D. Cal. Sept. 11, 2012).  Out of

4    these four factors, demonstrating a likelihood of success on the merits and irreparable harm are

5    the "most critical."  *Nken v. Holder*, 556 U.S. 418, 434 (2009); *Robinson v. Delicious Vinyl*

6    *Records, Inc.*, 2013 U.S. Dist. LEXIS 109279, *12 (D. Cal. 2013).

7            An injunction is "not a matter of right, even if irreparable injury might otherwise result."

8    *Protect Our Cmtys. Found. v. USDA,* 845 F. Supp. 2d 1102 (S.D. Cal. 2012).  Instead, an

9    injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the

10   plaintiff is entitled to such relief."  *Id.*  For the reasons set forth below, Plaintiff cannot meet its

11   burden to obtain such extraordinary relief.

12           **B.        Plaintiff Cannot Demonstrate Irreparable Harm**

13           To obtain a preliminary injunction, a plaintiff must demonstrate that it is likely to suffer

14   irreparable harm in the absence of preliminary relief.  *Managed Pharm. Care*, 716 F.3d at 1244.

15   Courts may no longer apply a "sliding scale" approach in determining whether to grant or deny a

16   preliminary injunction.  *Rivera v. BAC Home Loans Servicing, L.P.*, 2010 U.S. Dist. LEXIS

17   80294, *5 (N.D. Cal. July 9, 2010).  A plaintiff must always show a likelihood of irreparable

18   harm to obtain injunctive relief. *Winter*, 555 U.S. at 8; *Rivera*, 2010 U.S. Dist. LEXIS at 80294.

19           Here, Plaintiff cannot establish irreparable injury because he cannot demonstrate that he

20   is likely to suffer irreparable harm in the absence of injunctive relief.  Although a Notice of

21   Default has been recorded, no notice of trustee's sale has been recorded and no trustee's sale is

22   scheduled.  (Carillo Decl., ¶ 6 and Ex. 2.)  Speculative injury does not constitute irreparable

23   injury.  *Goldie's Bookstore, Inc. v. Superior Court of State of California*, 739 F.2d 466, 472 (9th

24   Cir. 1984).  A plaintiff must establish that irreparable harm is likely, not just possible, in order to

25   obtain a preliminary injunction.  *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th

26   Cir. 2011);  *McLean v. Aurora Loan Servicing*, 2011 U.S. Dist. LEXIS 115128, *4 (S.D. Cal.

27   Oct. 3, 2011).  When a plaintiff has failed to show that a foreclosure is likely, injunctive relief

28   should be denied.  *See McLean*, 2011 U.S. Dist. LEXIS at *5; *Nardico v. J.P. Morgan Chase &*

Rothman - Opp to Motion for Prelim Injunction.DOC        -4-

DEFENDANT U.S. BANK'S OPPOSITION TO                                        Case No.:  CV 13 3381- MMC
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1   *Co.*, 2013 U.S. Dist. LEXIS 4727, *7 (N.D. Cal. Jan. 11, 2013) ("given that there is currently no

2   date set for a trustee sale, he has not established that he is likely to suffer irreparable harm in the

3   absence of preliminary relief.")  With no trustee's sale scheduled, Plaintiff cannot establish that

4   he is likely to suffer irreparable harm without issuance of an injunction.

5       Moreover, Plaintiff has an adequate remedy at law to compensate him for damages

6   suffered in this case. Injuries compensable by money damages are not usually deemed

7   irreparable.  *Cotter v. Desert Palace*, 880 F.2d 1142, 1145 (9th Cir. 1989).  Plaintiff asserts

8   causes of action against U.S. Bank for breach of contract, negligent misrepresentation, violation

9   of the Real Estate Procedures Act, 12 U.S.C. § 2601, and breach of the implied covenant of good

10  faith and fair dealing.  These causes of action each seek compensatory, statutory, and punitive

11  damages.  (Complaint, p. 12:23-25.)  As these causes of action demonstrate, damages will

12  adequately compensate Plaintiff for any alleged harm if liability is established.  Moreover, if

13  Plaintiff prevails on his claims (which U.S. Bank strongly disputes), he can recover damages

14  against U.S. Bank, which is collectable as a national banking association.

15      In addition, Plaintiff will suffer little, if any, harm if injunctive relief is denied.  While the

16  loss of the Property may cause some hardship, any hardship is undercut by the fact that Plaintiff

17  is $228,282.07 in arrears as of June 28, 2013.  Interestingly, Plaintiff does not allege a loss of

18  equity in the Property.  As such, Plaintiff cannot establish any irreparable harm as a result of any

19  purported foreclosure on the Property.  See e.g., *Alcaraz v. Wachovia Mortgage FSB*, 592 F.

20  Supp. 2d 1296, 1304, 1306 (E.D. Cal. 2009) (foreclosure on home purchased "beyond financial

21  means and beyond expectation of job loss" does not constitute irreparable harm).

22      In short, Plaintiff cannot demonstrate that he is likely to suffer irreparable harm in the

23  absence of preliminary injunctive relief.  Accordingly, this Court should deny Plaintiff's request

24  for injunctive relief given that Plaintiff will not suffer any irreparable harm.

25      **C.      The Balance Of Equities And Public Interest Weigh In Favor Of U.S. Bank**

26      In sharp contrast to Plaintiff, U.S. Bank will suffer immediate and irreparable harm if this

27  Court issues an injunction preventing it from foreclosing on the Property.  A preliminary

28  injunction unfairly penalizes, and improperly shifts the risk of loss upon, U.S. Bank while, at the

DEFENDANT U.S. BANK'S OPPOSITION TO                                      Case No.:  CV 13 3381- MMC
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

same time, unjustly benefitting and enriching Plaintiff.  Plaintiff owes $228,282.07 as of June 4, 2013 to U.S. Bank to reinstate his Loan and has not made a payment to U.S. Bank in over a year.  (Carillo Decl., ¶ 4.)  While not making payments, Plaintiff has continued to live in his multimillion dollar home without making any payments to U.S. Bank and without paying taxes and insurance.  (*Id.* at ¶ 4.)  If an injunction is entered, Plaintiff will continue to benefit from the use and enjoyment of the Property, and will likely persist in refusing to make mortgage payments to U.S. Bank.

The Property is the only collateral provided to U.S. Bank to secure its Loan.  If the Loan constitutes a purchase money loan, U.S. Bank may be prohibited from obtaining any deficiency pursuant to California Code of Civil Procedure section 580b.  A preliminary injunction will deprive U.S. Bank of the contracted for, negotiated security under its Loan, which is namely the right to foreclose on its Deed of Trust upon Plaintiff's default.  With the fluctuation in property values over the past few years, the risk that the value of the Property will decrease during the term of the preliminary injunction falls entirely upon U.S. Bank.  Plaintiff is not even insuring the Property against any risk of loss; U.S. Bank has been forced to insure the Property itself to guard against additional devaluation of U.S. Bank's security.  (Carillo Decl., ¶ 6.)  If the Property decreases in value, U.S. Bank will have no remedy at law, thereby jeopardizing its ability to eventually recover the amount of its Loan.

In a nutshell, Plaintiff's request for injunction is nothing more than a transparent attempt to continue to live in the Property without paying any money and to shift all of the risk to U.S. Bank, contrary to the bargained for, contractual provisions in the Deed of Trust authorizing foreclosure upon default.  The impact of harm to U.S. Bank is clearly disproportionate, thereby causing the balance of equities to tip entirely in U.S. Bank's favor.  Accordingly, Plaintiff's request for a preliminary injunction should be denied.

### D.   Plaintiff Is Not Likely To Succeed On The Merits.

A party seeking a preliminary injunction must make a clear showing of likelihood of success on the merits of its claim.  *Warner Bros. Entm't, Inc. v. WTV Sys.*, 824 F. Supp. 2d 1003, 1008 (C.D. Cal. 2011). Plaintiff cannot meet this burden.

**1.    The First Cause of Action for Wrongful Foreclosure Fails**

In the First Cause of Action, Plaintiff asserts a claim for wrongful foreclosure. (Complaint, ¶¶ 44-47.)  This claim fails because Plaintiff does not, and cannot, establish a claim for wrongful foreclosure.

An action for wrongful foreclosure may only be maintained if the property was fraudulently, illegally or willfully and oppressively sold under a power of sale contained in a mortgage or deed of trust.  *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 961 (N.D. Cal. 2010); *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011). However, a wrongful foreclosure claim is premature prior to the foreclosure sale.  *Schneider v. Bank of America, N.A.*, 2013 U.S. Dist. LEXIS 42827, *83 (E.D. Cal. Mar. 26, 2013); *Ghuman v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 19647, *14 (E.D. Cal. Feb. 12, 2013); *Bogdan v. Countrywide Home Loans*, 2010 U.S. Dist. LEXIS 28889, *8 (E.D. Cal. Mar. 26, 2010).  "[A[ purported wrongful foreclosure claim is premature given there has been no foreclosure of the property.  The wrongful foreclosure claim fails to allege a cognizable cause of action in absence of a foreclosure sale."  *Vega v. JP Morgan Chase Bank, N.A.*, 654 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009).  "Unless the foreclosure sale has already taken place, plaintiff's claim for wrongful foreclosure is premature even to the extent there are, theoretically, grounds upon which the claim could be predicated."  *Schneider*, 2013 U.S. Dist. LEXIS at *83.  Accordingly, the First Cause of Action lacks merit given that no foreclosure sale has occurred.

**2.    The Second Cause of Action for Negligent Misrepresentation Fails**

In the Second Cause of Action, Plaintiff asserts a claim for negligent misrepresentation. (Complaint, ¶¶ 48-61.)  To support this claim, Plaintiff contends that U.S. Bank misrepresented the "total indebtedness" necessary to bring the Note current.  (Complaint, ¶ 49.)  Plaintiff's claim fails.

**a.    Plaintiff Cannot Establish a Claim for Negligent Misrepresentation**

To establish a claim for negligent misrepresentation, a plaintiff must establish: (1) a misrepresentation of a past or existing material fact, made without reasonable ground for

believing it to be true, (2) the misrepresentation was made with the intent to induce another's reliance on the fact misrepresented, (3) plaintiff justifiably relied on the misrepresentation, and (4) plaintiff suffered damages as a result of this reliance. *Argueta v. J.P. Morgan Chase*, 2011 U.S. Dist. LEXIS 138330 at *4 (E.D. Cal. Dec. 1, 2011); *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007) ("*Apollo*"). A plaintiff must establish that defendant made a positive assertion; an omission or implied assertion or representation is insufficient. *Apollo*, 158 Cal. App. 4th at 243. Furthermore, the alleged misrepresentations must refer to past or existing material facts, rather than "promises regarding future events." *Garcia v. Ocwen Loan Servicing, LLC*, 2010 U.S. Dist. LEXIS 45375, at *2 (N.D. Cal. May 10, 2010).

Plaintiff's negligent misrepresentation claim is built on three faulty premises. First, Plaintiff contends that oral representations made by "U.S. Bank's point of contact" did not disclose that Plaintiff would be subject to "compounding late fees and interest on all indebtedness." (Complaint, ¶ 57.) Justifiable reliance is an element of a negligent misrepresentation claim. *Hernandez v. Bank of Am.*, 2011 U.S. Dist. LEXIS 54781, *12 (E.D. Cal. May 11, 2011). "Justifiable reliance cannot be established where a written contract exists whose terms contradict the oral representation." *Gov't Computer Sales Inc. v. Dell Mktg.*, 199 Fed. Appx. 636, 639 (9th Cir. 2006). Here, paragraph 1 of the Rider to the Note expressly states that if Plaintiff does make his monthly payments within fifteen (15) days after they are due, Plaintiff must pay a late charge in the amount of six percent (6%) of the installment payment or $5.00, whichever is greater. (Rothman Decl., Ex. 1, p. 5.) Paragraph 2 of the Rider further sets forth the interest rate to be charged on past due amounts. (*Id*.) Thus, Plaintiff cannot establish a claim for negligent representations regarding the late charges or interest owed under the Note.

Second, Plaintiff cannot establish detrimental reliance merely by paying $74,643.23 to U.S. Bank on August 29, 2012. (Rothman Decl., ¶ 13, Ex. C.) This amount was already due and owing under the Note. Thus, Plaintiff did not suffer any damages as a result of any alleged misrepresentation of the "total indebtedness" owed as of August 29, 2013.

Third, Plaintiff's own declaration establishes that U.S. Bank immediately advised him after he paid $74,643.23 that Plaintiff had an escrow shortage of $59,163.24, as of April 10, 2013, for

DEFENDANT U.S. BANK'S OPPOSITION TO                                    Case No.:  CV 13 3381- MMC
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

unpaid late charges, tax and insurance owed on the Property.  Further, Plaintiff s admits that

U.S. Bank provided him with two detailed Customer Account Activity Statements setting forth

why this amount was owed.  (Rothman Decl., Exs. M and S.)  He also admits that he received a

detailed letter from Old Republic Default Management Services providing a detailed explanation

and accounting of the amount necessary to reinstate the loan.  (Rothman Decl., Ex. S.)  Thus,

Plaintiff cannot establish justifiable reliance or damages.

**b.**       **Plaintiff Failed to Plead His Negligent**
             **Misrepresentation Claim With Particularity**

Negligent misrepresentation claims must be pled with particularity under Rule 9(b) of the

Federal Rules of Civil Procedure.  *Sholiay v. Fannie Mae*, 2013 U.S. Dist. LEXIS 100122, *12

(E.D. Cal. July 16, 2013);  *Villegas v. Wells Fargo Bank, N.A*., 2012 U.S. Dist. LEXIS 132511, at

*7 (N.D. Cal. Sept. 17, 2012).  Rule 9(b) of the Federal Rules of Civil Procedure requires that "a

party must state with particularity the circumstances constituting fraud."

The heightened pleading standard under Rule 9(b) "requires a pleader of fraud to detail

with particularity the time, place, and manner of each act of fraud, plus the role of each defendant

in each scheme."  *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th

Cir. 1991).  Here, Plaintiff's Complaint is devoid of any information relating to the time or place

of any of the alleged misrepresentations.  There are no dates or places referenced in the

Complaint as to when or where any of the alleged misrepresentations were made.  This meager

pleading is not sufficient to state a fraud claim under Rule 9(b).

Rule 9(b) mandates that the complaint identify the parties to the misrepresentations.

*Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007).  A plaintiff asserting fraud against

corporate defendants, as in the Complaint here, "must allege the names of the persons who made

the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they

said or wrote, and when it was said or written."  *Spencer v. DHI Mortg. Co.*, 642 F. Supp. 2d

1153, 1164 (E.D. Cal. 2009).  In the Complaint, Plaintiff does not allege the specifics of who

made misrepresentations.  (Complaint, ¶¶ 48-61.)  Plaintiff's generalized pleading does not state

a negligent misrepresentation claim.

DEFENDANT U.S. BANK'S OPPOSITION TO                          Case No.:  CV 13 3381- MMC
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Under Rule 9(b), the complaint must identify false statements made by each and every defendant. *Swartz*, 476 F.3d at 764. The content of the alleged misrepresentations is completely missing in this case. Plaintiff simply makes boilerplate allegations that U.S. Bank made misrepresentations, without bothering to plead what the specific representations were (i.e., the specific words used to convey the representation), or the specific contents of each written and verbal communication. This meager pleading does not comply with the requirements of Rule 9(b).

### 3.   Plaintiff's Third Cause of Action for Breach of Contract Fails

In the Third Cause of Action, Plaintiff alleges that U.S. Bank breached the Note and the "mortgage" (presumably meant to be the Deed of Trust") by charging late fees and "lump sum" escrow charges for property insurance and property tax payments. (Complaint, ¶¶ 62-66.) Plaintiff's breach of contract claim fails.

Plaintiff does not point to any specific contractual provision that U.S. Bank violated. Plaintiff fails to make such specific allegations because it cannot do so. Section 3 of the Deed of Trust required Plaintiff to escrow the amounts due for taxes and insurance. (Rothman Decl., Ex. 2, § 3.) This section mandates that Plaintiff pay the funds for these escrow items. (*Id*.) Further section 5 of the Deed of Trust expressly grants U.S. Bank wide discretion to obtain insurance when Plaintiff fails to do so. (Rothman Decl., Ex. 2, § 5.) Further, paragraph 14 authorizes U.S. Bank to charge Plaintiff for services performed in connection with his default for the purpose of protecting U.S. Bank's interest in the Property. (*Id*. at § 14.) In this case, U.S. Bank was required to pay $66,061.24 for taxes and insurance on the Property when Plaintiff failed to make these payments. (Carillo Decl., ¶ 4.)

Moreover, it has long been held that a "party who has not fully performed the act agreed upon cannot maintain a suit upon the contract." *Gray v. Bekins*, 186 Cal. 389, 394 (1921). To plead a breach of contract action, Plaintiff must plead that he performed the contract or was excused from performing. *Lortz v. Connell*, 273 Cal. App. 2d 286, 290-291 (1969); *Reichert v. General Ins. Co.*, 68 Cal. 2d 822, 830 (1968). Here, Plaintiff does not dispute that he failed to make his monthly payments under the Note. In paragraph 14 of the Complaint, Plaintiff admits

DEFENDANT U.S. BANK'S OPPOSITION TO                                    Case No.:  CV 13 3381- MMC
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

that he "missed only ten or so monthly payments of about $14,000 each." (Complaint, ¶ 14.) In other words, Plaintiff admits that he is at least $144,000 in arrears to Plaintiff. In fact, Plaintiff is far more indebted to U.S. Bank. As of June 28, 2013, Plaintiff was required to pay $228,282.07 to reinstate the Loan. (*Id*.) Given Plaintiff's admitted default, the fact that he contests approximately $60,000, while admitting that he is at least $144,000 in arrears, undermines his ability to bring his breach of contract claim. Accordingly, the Third Cause of Action fails.

### 4. The Fourth Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing Fails

In the Fourth Cause of Action, Plaintiff alleges that U.S. Bank violated the implied covenant of good faith and fair dealing. (Complaint, ¶¶ 67-70.) The conduct underlying this allegation may be boiled down to the following: (i) U.S. Bank allegedly "unfairly interfered with Plaintiff's attempts to perform" under the Note and the Deed of Trust, and (ii) U.S. Bank purportedly failed to provide a comprehensive and accurate accounting. (*Id*.) These allegations lack merit.

The implied covenant of good faith and fair dealing arises from a specific contractual obligation. *Racine & Laramie, Ltd. v. Department of Parks and Recreation*, 11 Cal. App. 1026, 1035 (1992). "The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." *Id*. at 1031. The covenant of good faith is essentially rooted in the terms of the contract and a bad faith claim cannot be maintained unless the benefits sought are pursuant to the contract. *Love v. Fire Insurance Exchange*, 221 Cal. App. 3d 1136, 1153 (1990). As such, the covenant of good faith and fair dealing cannot contradict the express terms of the contract. *Carna Developers v. Marathon Dev. Cal. Inc.*, 2 Cal. 4th 342, 374 (1992).

Here, Plaintiff does not point to any contractual provision in the Fourth Cause of Action that U.S. Bank violated or allege any specific act undertaken by U.S. Bank that was in bad faith in violation of any specific contractual provision. Instead, Plaintiff vaguely asserts that U.S. Bank "interfered with Plaintiff's attempts to perform under the mortgage and loan" and failed to provide a "comprehensive accounting." (Complaint, ¶¶ 68-69.)

1    When these barebones allegations are examined, they break under the pressure.  Plaintiff

2    certainly knew that he was required to make monthly payments to U.S. Bank given that he

3    signed the Note in which he expressly agreed to make payments "on the first day of each month

4    beginning on April 1, 2007" and continuing until March 1, 2037.  (Rothman Decl., Ex. A,

5    p. 1.)  Despite this fact, Plaintiff admits that he is at least $144,000 in arrears and acknowledges

6    that he "missed" at least "ten or so monthly payments of about $14,000 each."  (Complaint,

7    ¶ 32.)  In fact, Plaintiff has not made a payment on his $2.8 million loan with U.S. Bank in over

8    a year.  (Carillo Decl., ¶ 4.)  U.S. Bank did absolutely nothing to prevent Plaintiff from making

9    his required payments.  Moreover, the foregoing actions demonstrate that it was Plaintiff, not

10   U.S. Bank, who acted in bad faith by failing to make payments and, then, pointing the finger of

11   blame at U.S. Bank for his own misconduct.

12   Further, U.S. Bank provided two detailed Customer Activity Statements to Plaintiff,

13   which set forth each and every charge and payment received on Plaintiff's Loan for the period

14   after  January 1, 2011.  (Rothman Decl., Exs. M and S)  In addition, Plaintiff received a letter

15   on June 4, 2013 detailing explicit calculations that set forth the amount necessary to reinstate

16   his Loan as of June 28, 2013.  (Rothman Decl., Ex. S.)  Despite being provided with this

17   information, Plaintiff has done absolutely nothing to pay U.S. Bank and to reinstate his Loan.

18   Moreover, the alleged "interference" committed by U.S. Bank is U.S. Bank's payment of

19   Plaintiff's property taxes and insurance when he failed to do so.  Such conduct is permitted

20   under the Deed of Trust.

21          **5.      The Fifth Cause Of Action For Violation Of The Real Estate
                       Settlement Procedures Act, 12 U.S.C. § 2601 Et Seq. Fails**
22

23   In the Fifth Cause of Action, Plaintiff claims that U.S. Bank violated the Real Estate

24   Settlement Procedures Act, 12 U.S.C. § 2601 ("RESPA") by alleging that U.S. Bank failed to

25   provide a "good faith estimate of all indebtedness, charges, and fees purportedly owed by

26   Plaintiff to U.S. Bank in response to a qualified written request."  (Complaint, ¶ 72.)  This claim

27   is riddled with defects.

28

Rothman - Opp to Motion for Prelim Injunction.DOC          -12-

DEFENDANT U.S. BANK'S OPPOSITION TO                                    Case No.:  CV 13 3381- MMC
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1    First, a lender's obligation to provide "a good faith estimate of the amount or range of

2    charges for specific settlement services" relates to "Home buying information booklets" under

3    12 U.S.C. § 2604(c) and 24 C.F.R §3500.7(a).  There is nothing alleged in the Complaint that

4    relates to home buying booklets, and, thus, these provisions do not apply.  Moreover, there is no

5    private right of action under 12 U.S.C. § 2604 for failure to provide good faith estimates.  *Lucero*

6    *v. Diversified Invs. Inc*., 2010 U.S. Dist. LEXIS 90200, at *4 (S.D. Cal. Aug. 31, 2010);

7    *McDonnell v. Bank of Am*., 2013 U.S. Dist. LEXIS 84481, *8 (E.D. Cal. June 14, 2013); *Delino*

8    *v. Platinum Community Bank*, 628 F.Supp.2d 1226, 1232-1233 (S.D. Cal. 2009) (dismissing

9    RESPA claim because "because there is no private cause of action for a failure to provide a good

10   faith estimate under RESPA"); *Williamson v. Sacramento Mortg*., 2011 U.S. Dist. LEXIS

11   113146, *18 (E.D. Cal. Sept. 30, 2011) (no private right of action for failure to make disclosures

12   in good faith estimate).

13   Second, there is no good faith estimate requirement relating to qualified written requests

14   under 12 U.S.C. § 2605.  See *Rodela v. Guild Mortg. Co.*, U.S. Dist. LEXIS 6020, at *32-33,

15   (E.D. Cal. Jan. 19, 2012); *Ireland v. Centralbanc Mortg. Corp*., 2012 U.S. Dist. LEXIS 133434.,

16   *18 (N.D. Cal. Sept. 18, 2012).

17   Third, RESPA contains a very limited number of actionable wrongs:  (1) payment of

18   kickback for real estate settlement services (12 U.S.C. § 2607(d)); (2) requiring a buyer to use a

19   title insurer selected by the seller (12 U.S.C. § 2608(b)); and (3) loan servicer failure to give

20   proper notice of transfer of servicing rights or to respond to a qualified written request for loan

21   information (12 U.S.C. § 2605(f)).  *Rodela*, 2012 U.S. Dist. LEXIS at *32.  Plaintiff does not

22   allege any facts to support of any of these actionable RESPA violations.

23   Finally, to the extent that Plaintiff claims that U.S. Bank somehow failed to provide

24   appropriate HUD-1 settlement statements and good faith estimates at the closing on February 21,

25   2007, Plaintiff's claims are time barred. Any alleged violation of RESPA is subject to a one-year

26

27

28

DEFENDANT U.S. BANK'S OPPOSITION TO                                 Case No.:  CV 13 3381- MMC
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

or three-year statute of limitations under 12 U.S.C. §§ 2605, 2607 and 2608. Given that

Plaintiff's Complaint was not filed until July 19, 2013, any RESPA claim is time barred.[3]

### 6. The Sixth Cause Of Action For Violation Of California Civil Code Section 2924.12 Fails

In the Sixth Cause of Action, Plaintiff alleges that U.S. Bank violated California Civil

Code sections 2923.7 and 2924.7 and seeks an injunction pursuant to California Civil Code

section 2924.12. (Complaint, ¶¶ 76-81.) Section 2924.12 authorizes a borrower to bring an

action for injunctive relief to enjoin a material violation" of various provisions, including

California Civil Code sections 2923.7 and 2924.17. Cal. Civ. Code § 2924.17(a)(1). Plaintiff's

claim fails.

California Civil Code section 2923.7 requires that a mortgage servicer establish a single

point of contact and provide the borrower with one or more direct means of communication with

the single point of contact. Cal. Civ. Code § 2923.7(a). In this case, by Plaintiff's own

admission, U.S. Bank assigned Christopher Parrish on April 12, 2012 as the point of contact to

provide Plaintiff with a direct means of communicating with U.S. Bank. (Rothman Decl., ¶ 8.)

As such, U.S. Bank fully complied with section 2923.7's requirements. Moreover, most, if not

all, of Plaintiff's alleged complaints relating to Mr. Parrish occurred prior to January 1, 2013.

(Rothman Decl., ¶¶ 9-16.) Section 2923.7 did not apply until January 1, 2013 and cannot be

applied retroactively. See *McGough v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 151737,

at *5, n.4 (N.D. Cal. Oct. 22, 2012); *Guglielmelli v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist.

LEXIS 43063, *10 (C.D. Cal. Mar. 26, 2013). Accordingly, any purported violation of section

2923.7 fails.

---

[3]   Plaintiff's sole basis for subject matter jurisdiction is the fatally defective Fifth Cause of Action for RESPA. U.S. Bank will be moving to dismiss this cause of action. If this Court dismisses Plaintiff's RESPA claim, this Court may lack subject matter jurisdiction over the remaining claims in the Complaint. See *Perucca v. U.S. Bank*, 2013 U.S. Dist. LEXIS 69384, *2 (C.D. Cal. May 15, 2013); *Semiconductor Energy Lab. Co. v. Yujiro Nagata*, 2012 U.S. Dist. LEXIS 7414, *21 (N.D. Cal. Jan. 23, 2012).

1    U.S. Bank did not violate California Civil Code section 2924.17, which requires that "a

2   notice of default . . .shall be accurate and complete and supported by competent and reliable

3   evidence." Cal. Civ. Code § 2924.17(a).  This provision was enacted to stop the practice of

4   "robo-signing," in which servicers sign foreclosure documents without determining the right to

5   foreclose.  *Michael J. Weber Living Trust v. Wells Fargo Bank, N.A.,* 2013 U.S. Dist. LEXIS

6   41797, * 10 (N.D. Cal. Mar. 25, 2013).  Here, there are no allegations that U.S. Bank engaged in

7   "robo-signing."  To the contrary, the amount of indebtedness set forth in the Notice of Default

8   corresponds with, and is supported by, the two Complete Customer Account Activity Statements

9   that U.S. Bank provided to Plaintiff.  (Rothman Decl., Exs. M and S.)  Moreover, the Complaint,

10  as well as Mr. Rothman's Declaration, fail to specifically state how the Notice of Default is not

11  accurate or complete or not supported by credible evidence.  As such, the Sixth Cause of Action

12  fails.

13          **7.      The Seventh Cause Of Action For False Light Fails**

14          In the Seventh Cause of Action, Plaintiff alleges a claim for "false light."  (Complaint,

15  ¶¶ 82-89.)  The thrust of this claim is that U.S. Bank placed Plaintiff in a false light by publicly

16  recording the Notice of Default, thereby "lowering his credit score."  (Complaint, ¶¶ 87-88.)

17  This claim is nonsense.

18          Plaintiff's false light claim is preempted by the Fair Credit Reporting Act ("FCRA"), 15

19  U.S.C. § 1681 et seq., to the extent Plaintiff claims that credit agencies learned of the recorded

20  Notice of Default.  FCRA includes an explicit preemption provision: "[n]o requirement or

21  prohibition may be imposed under the laws of any State . . . with respect to the subject matter

22  regulated under . . . section 1681s-2  of [FCRA], relating to the responsibilities of persons who

23  furnish information to consumer reporting agencies."  *Howard v. Blue Ridge Bank*, 371 F. Supp.

24  2d 1139, 1143 (N.D. Cal. 2005) (citing 15 U.S.C. § 1681s(b)(1)(F)).  Specifically, FCRA

25  precludes claims for false light based on alleged reporting of false credit information to credit

26  reporting agencies.  *Ren v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 80575, *11-12 (N.D.

27  Cal. June 7, 2013); *Carson v. Bank of America, N.A.,* 2012 U.S. Dist. LEXIS 149805, at *9 (E.D.

28  Cal. Oct. 17, 2012).

DEFENDANT U.S. BANK'S OPPOSITION TO                                    Case No.:  CV 13 3381- MMC
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

To state a claim for the privacy tort of false light, a plaintiff must plead the following elements:  (1) public disclosure of information about the plaintiff that was presented as factual but was actually false or created a false impression about the plaintiff; (2) the information was understood by one or more persons to whom it was disclosed as stating or implying something highly offensive that would have a tendency to injure the plaintiff's reputation; (3) by clear and convincing evidence, that the defendant acted with constitutional malice; and (4) damages. *Solano v. Playgirl, Inc*., 292 F.3d 1078, 1082 (9th Cir. 2002).  Plaintiff does not, and cannot, allege these elements in his Complaint.  Plaintiff does not dispute the fact that he was in default. In fact, he admits that he is at least 10 months behind on his payments (i.e., at least $144,000 in arrears).  (Complaint, ¶ 32.)  Plaintiff cannot dispute that under the Deed of Trust, U.S. Bank was entitled to initiate non-judicial foreclosure proceedings upon his default.  (Rothman Decl., Ex. B, ¶ 22.)  As a result, Plaintiff cannot establish that he suffered any damages or was otherwise prejudiced as a result of any alleged inaccuracies contained in the Notice of Default.  Moreover, Plaintiff does not explain in either his Declaration or in the Complaint how the amount listed in the Notice of Default was inaccurate or why he has not taken steps to reinstate the Loan.

Finally, Plaintiff's Complaint does not allege that U.S. Bank acted with malice, which is a necessary element to allege a claim for false light.  *Ren,* 2013 U.S. Dist. LEXIS at *11. Accordingly, the Seventh Cause of Action fails as a matter of law.

### 8.    The Eight Cause Of Action For Accounting Fails

In the Eighth Cause of Action, Plaintiff seeks an accounting.  (Complaint, ¶¶ 90-92.)  A request for an accounting is a remedy, not a cause of action.  *Petrella v. Metro-Goldwyn-Mayer, Inc*., 2012 U.S. App. LEXIS 18322, *23 (9th Cir. Aug. 29, 2012) citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962).  On this basis alone, the Eighth Cause of Action fails.

Plaintiff does not, and cannot, state a factual or legal basis for an accounting.  Plaintiff must allege (1) a fiduciary or other relationship appropriate to the remedy; and (2) a balance due from U.S. Bank to the Plaintiff that can only be ascertained by an accounting.  *Corsini v. Canyon Equity, LLC*, 2011 U.S. Dist. LEXIS 54872, 13-14 (N.D. Cal. May 23, 2011), citing 5 Witkin, California Procedure, Pleading, section 820, p. 236 (2008); *Kulberg v. Wash. Mut. Bank*, 2011

DEFENDANT U.S. BANK'S OPPOSITION TO                          Case No.:  CV 13 3381- MMC
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

U.S. Dist. LEXIS 40458, at *18 (S.D. Cal. Apr. 14, 2011); *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009).  A complaint does not state a cause of action for an accounting where it shows on its face that none is necessary; i.e., where the plaintiff alleges a right to recover a sum certain or a sum that can be made certain by calculation.  *Id.*; *St. James Church of Christ Holiness v. Superior Court*, 135 Cal. App. 2d 352, 359 (1955).  An action for accounting does not lie where "it appears from the complaint that none is necessary or that there is an adequate remedy at law."  *Finney v. Gomez*, 111 Cal. App. 4th 527, 543 (2003).

No fiduciary relationship exists between U.S. Bank and Plaintiff.  A lender does not owe a fiduciary duty to a borrower unless there are special circumstances or a special relationship between the parties.  *Kim v. Sumitomo Bank,* 17 Cal. App. 4th 974, 979 (1993).  No such special circumstances or special relationship exists in this case.  Moreover, *Plaintiff does not allege that a balance is owed to him*.  Instead, he admits that he owes money to U.S. Bank, which does not serve as a basis for an accounting.  Finally, Plaintiff cannot explain why he cannot ascertain the amount at issue through discovery pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure.  The amount at issue can be made certain by calculation, and thus an accounting is improper.  *St. James Church of Christ Holiness*, 135 Cal. App. 2d at 359.  Moreover, Plaintiff's own exhibits to the Complaint show that an accounting is not necessary.  Mr. Rothman attached two Customer Account Activity Statements that set forth in detail the transactions relating to this account.  (Rothman Decl., Exs. M and S.)  Because an accounting is not necessary and an adequate remedy at law exists, the Eighth Cause of Action fails.

### 9.  The Ninth Cause Of Action For Violation Of California Business and Professions Code §§ 17200, Et Seq. Fails

Plaintiff's Ninth Cause of Action alleges unfair business practices under California Business and Professions Code section 17200.  (Complaint, ¶¶ 93-95.)  Specifically, Plaintiff alleges that U.S. Bank's actions "are in violation of various California and Federal statutes and therefore constitute unlawful conduct within the meaning of California's unfair competition law." (Complaint, ¶ 94.)  Plaintiff's Ninth Cause of Action further alleges that he is "entitled to injunctive relief."  (Complaint, ¶ 95.)

1    The Ninth Cause of Action is preempted by the Home Owners Loan Act, 12 U.S.C.

2    §§ 1461 et seq., ("HOLA"), which governs savings and loan associations, and/or the National

3    Bank Act, 12 U.S.C. § 24 ("NBA"), which vests national banks such as U.S. Bank with authority

4    to exercise "all such incidental powers as shall be necessary to carry on the business of banking."

5    12 U.S.C. § 24.  Downey Savings, which originated this Loan, was regulated by HOLA.

6    12 U.S.C. §§ 1462, 1463.  Both HOLA and the NBA preempt state laws that pertain to the "terms

7    of credit . . . [p]rocessing, origination, servicing, sale or purchase of, or investment or participation in,

8    mortgages."  12 C.F.R. §§ 34.4, 560.2(b)(4) and (10).

9    Here, Plaintiff's section 17200 claims are preempted because the claims involve the

10   servicing of the Loan.  Plaintiff alleges that unbeknownst to him "US BANK has subsequently

11   added an 'escrow' charge of nearly $60,000 to Plaintiff's delinquency, purportedly to pay for

12   property insurance and property taxes."  (Complaint, ¶ 17.)  Plaintiff also alleges that "US Bank

13   continued to assess late charges" on his account.  (Complaint, ¶¶ 21-22.)  Thus, the Ninth Cause

14   of Action specifically objects to U.S. Bank's servicing of Plaintiff's Loan.  Consequently, the

15   Ninth Cause of Action falls within the ambit of HOLA and/or NBA.

16   In addition, pleading a violation of section 17200 requires a heightened pleading standard

17   under Rule 9(b) of the Federal Rules of Civil Procedure.  *United Food & Commer. Workers*

18   *Cent. Pa. v. Amgen, Inc*., 400 Fed. Appx. 255, 257 (9th Cir. Cal. 2010).  Further, to establish that

19   the defendant acted unlawfully under section 17200, a plaintiff must specifically identify the

20   statutory violation.  A "violation of another law is a predicate for stating a cause of action under

21   the [section 17200's] unlawful prong." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th

22   1544, 1554 (2007).  "In effect, [section 17200] borrows violations of other laws… and makes

23   those unlawful practices actionable under the [section 17200]." *Lazar v. Hertz Corp.*, 69 Cal.

24   App. 4th 1494, 1505 (1999).  A claim for violation of section 17200 stands or falls depending on

25   the fate of antecedent substantive causes of action.  See *Krantz v. BT Visual Images*, 89 Cal. App.

26   4th 164, 178 (2001).  To establish that a defendant acted "unfairly" in violation of section 17200

27   based on some public policy, a court may not apply purely subjective notions of fairness," but

28   rather rely on a specific constitutional, statutory, or regulatory provision to find an objective basis

for determining whether the alleged conduct is unfair.  *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 9l7, 940-941 (2003).

Here, Plaintiff failed to plead the specific statutory violation that forms the basis of his section 17200 cause of action.  (Complaint, ¶¶ 93-95.)  Plaintiff fails to specify which statutes U.S. Bank purportedly violated, even though he claims U.S. Bank acted unlawfully and unfairly. Plaintiff also fails to plead any facts stating (i) how U.S. Bank acted unlawfully or unfairly, and (ii) how he suffered any damages as a result of these actions.  Instead of pleading specific factual allegations against U.S. Bank, Plaintiff makes conclusory allegations only that U.S. Bank's actions "are in violation of various…statutes."  (Complaint, ¶ 94.)  Plaintiff leaves U.S. Bank and this Court in the dark as to these critical facts.

## IV.    CONCLUSION

For the reasons set forth above, this Court should deny Plaintiff's request for entry of a preliminary injunction or grant other relief as is just and equitable.  Further, to the extent such relief is granted, Plaintiff should be required to post a bond equal to the value of the property to adequately protect against any diminution in value, or in such other amount as this Court deems just and equitable.

Dated:  August 7, 2013                          OFFICE OF THE GENERAL COUNSEL


                                                By: _____/S/ Eric M. Alderete_____
                                                        ERIC M. ALDERETE

                                                Attorneys for Defendant
                                                U.S. BANK NATIONAL ASSOCIATION,
                                                SUCCESSOR IN INTEREST TO THE FEDERAL
                                                DEPOSIT INSURANCE CORPORATION AS
                                                RECEIVER FOR DOWNEY SAVINGS AND
                                                LOAN ASSOCIATION, F.A.

DEFENDANT U.S. BANK'S OPPOSITION TO                            Case No.:  CV 13 3381- MMC
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

## CERTIFICATE OF SERVICE

I, the undersigned, am over the age of 18 and not a party to the above-entitled action.  I am a citizen of the United States, employed in the County of Orange, State of California.  My business address is: U.S. Bank National Association, 3121 Michelson Drive, 5th Floor, Irvine, CA 92612

On the date and from the location listed below, I caused the following document(s), the original of which was produced on recycled paper, to be served in the following manner:

**U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.'s OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

☒    **E-MAIL** - By electronic mail or as follows:

**Through the Court's CM/ECF filing system**

☒    **BY MAIL**:   By placing a true and correct copy thereof enclosed in a sealed envelope addressed as above, with postage thereon fully prepaid in the U.S. Mail at Irvine, California.  I am readily familiar with the Bank's practice of collection and processing of correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing as stated in the affidavit.

☐    **BY OVERNIGHT COURIER:**   I caused the above-referenced document(s) to be delivered to FEDERAL EXPRESS for delivery to the above address(es).

Service was directed to:

Erin Jane Holland                              Randolph Gaw
Valdez Noor Todd & Doyle LLP       The Gaw Group
Email: eholland@foley.com               Email: rgaw@thegawgroup.com


Old Republic Diversified Services, Inc.
d/b/a Old Republic Default Management
c/o CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017

1      I declare under penalty of perjury under the laws of the United States that the

2 foregoing is true and correct.

3 Executed on August 7, 2013, at Irvine, California.

4     /s/ Jessica A. Vasquez

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT U.S. BANK'S OPPOSITION TO        Case No.:  CV 13 3381- MMC
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION