1 Randolph Gaw (S.B. #223718) - rgaw@thegawgroup.com
2 Erin J. Holland (S.B. #233305) - eholland@thegawgroup.com
THE GAW GROUP
3 100 Pine Street, Suite 1250
San Francisco, CA 94111
4 Telephone: (415) 745-3308
Facsimile: (415) 737-0642
5

6 Attorneys for Plaintiff Marshal Rothman

7

8 **UNITED STATES DISTRICT COURT**

9 **NORTHERN DISTRICT OF CALIFORNIA**

10 **SAN FRANCISCO DIVISION**

11

| | |
|---|---|
| 12  MARSHAL ROTHMAN | Case No. 4:13-CV-03381-MMC |
| 13  Plaintiff, | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |
| 14  v. | |
| 15  U.S. BANK NATIONAL ASSOCIATION & OLD REPUBLIC | Hearing Date: August 30, 2013  Time: 9:00 a.m. |
| 16  DIVERSIFIED SERVICES, INC. d/b/a OLD REPUBLIC DEFAULT | Courtroom: 7 |
| 17  MANAGEMENT SERVICES, | Complaint Filed: July 19, 2013 |
| 18  Defendants. | |

19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I. U.S. BANK MISSTATED THE APPLICABLE STANDARDS. ..................................... 2

II. THE EQUITIES FAVOR AN INJUNCTION. .................................................................. 2

    A. Plaintiff Has Demonstrated Irreparable Injury. ..................................................... 2

    B. The Balance of Equities Tips Sharply in Plaintiff's Favor. ................................... 4

    C. The Public Interest Is Served by a Preliminary Injunction. ................................... 4

III. U.S. BANK FAILED TO DISPROVE THE EXISTENCE OF SERIOUS QUESTIONS AS TO THE MERITS OF PLAINTIFF'S CLAIMS. ................................................................ 4

    A. U.S. Bank Breached the Implied Covenant of Good Faith and Fair Dealing. ......... 5

    B. U.S. Bank Breached the Deed of Trust. ................................................................. 8

    C. U.S. Bank Is Liable for Wrongful Foreclosure. ..................................................... 9

    D. U.S. Bank Engaged in Negligent Misrepresentation. ............................................ 9

    E. U.S. Bank Violated RESPA. ................................................................................. 11

    F. U.S. Bank Violated California's Foreclosure Laws. ............................................. 11

    G. U.S. Bank Violated California's Unfair Competition Laws. ................................ 12

IV. NO BOND IS NECESSARY. ........................................................................................... 13

CONCLUSION ............................................................................................................................. 13

# TABLE OF AUTHORITIES

**CASES**

*Alcaraz v. Wachovia Mortgage FSB*,
    592 F. Supp. 2d 1296 (E.D. Cal. 2009) ............................................................................... 2, 3

*Alliance for the Wild Rockies v. Cottrell*,
    632 F.3d 1127 (9th Cir. 2011) ................................................................................................ 2

*Nardico v. JP Morgan Chase & Co.*,
    No. C 12-4891 JPH, 2013 WL 114096 (N.D. Cal. Jan. 11, 2013) .......................................... 3

*Barnhart v. Sigmon Coal Co., Inc.*,
    534 U.S. 438 (2002) .............................................................................................................. 12

*Bhandari v. Capital One, N.A.*, No. C 12–04533 PSG
    2012 WL 3792766 (N.D. Cal. Aug. 31, 2012) ..................................................................... 13

*Cruz v. JP Morgan Chase Bank, N.A.*,
    No. C 12-3219 CW, 2012 WL 4936553  (N.D. Cal. Oct. 17, 2012) ...................................... 8

*Mabry v. Superior Court*,
    185 Cal. App. 4th 208 (2010) ................................................................................................. 3

*McLean v. Aurora Loan Servicing*,
    No. 11CV0455-LAB(NLS), 2011 WL 4635027 (S.D. Cal. Oct. 5, 2011) ............................. 3

*Michael J. Weber Living Trust v. Wells Fargo Bank, N.A.*,
    No. 13-CV-00542, 2013 U.S. Dist. LEXIS 41797 (N.D. Cal. Mar. 25, 2013) ..................... 11

*Nguyen v. JP Morgan Chase Bank N.A.*,
    No. 12-CV-04183, 2013 WL 2146606 (N.D. Cal. May 15, 2013) ......................................... 9

*Paik v. Wells Fargo Bank, N.A.*,
    No. C 10-04016 WHA, 2011 WL 109482 (N.D. Cal. Jan. 13, 2011) ..................................... 5

*Rivera v. BAC Home Loans Servicing, L.P.*,
    No. C 10–02439 RS, 2010 WL 2280044 (N.D. Cal. June 7, 2010) ..................................... 13

*Sundance Land Corp. v. Community First Federal Savings and Loan Ass'n*,
    840 F.2d 653 (9th Cir. 1988) .................................................................................................. 4

*Tamburri v. Suntrust Mortg., Inc.*,
    No. C-11-2899, 2011 WL 2654093 (N.D. Cal. July 6, 2011) ............................................ 5, 7

*Workers Cent. Pa. v. Amgen, Inc.*,
    400 Fed. Appx. 255 (9th Cir. Cal. 2010) .............................................................................. 12

**STATUTES**

Cal. Civ. Code § 1511 ................................................................................................................... 9

Cal. Civ. Code § 1698 ................................................................................................................. 10

Cal. Civ. Code § 2924 ................................................................................................................... 3

Cal. Civ. Code § 2924.17 ....................................................................................................... 11, 12

**REGULATIONS**

12 C.F.R. § 34.4(b) ..................................................................................................................... 12

12 C.F.R. § 560.2(c) .................................................................................................................... 12

**PRELIMINARY STATEMENT**

Defendant U.S. Bank National Association ("U.S. Bank") does not and can not argue against the very simple premise of plaintiff Marshal Rothman's ("Plaintiff") lawsuit and motion for preliminary injunction. Plaintiff is entitled under contract, and under law, to receive from U.S. Bank an accurate statement of indebtedness for him to reinstate his delinquent mortgage. U.S. Bank has repeatedly failed to provide this accurate statement. As such, it is not entitled to foreclose upon Plaintiff's home and the Court should enjoin their efforts to do so.

Unable to dispute this basic premise, U.S. Bank instead adeptly sets up and knocks down a number of "straw men" to try to convince the Court that it can seize possession of Plaintiff's home. Chiefly, U.S. Bank seeks to shame Plaintiff by claiming that he is nothing more than a greedy borrower who seeks to live in his house for free. But that is not the relief Plaintiff seeks in this Court. Plaintiff wants to make his mortgage payments to U.S. Bank. But what Plaintiff wants by way of this action is to make sure that he pays only *what he actually owes*. U.S. Bank's essential argument is that it is free to calculate a borrower's indebtedness in any manner it wishes and can tack on any number of arbitrary charges and fees. U.S. Bank also believes that the borrower is not entitled to challenge that calculation and that the Court must defer to its computation even when it is plainly erroneous. U.S. Bank's position, however, is contradicted by the terms of their contract and by various laws designed to protect mortgagors from such predatory actions by the bank.

Finally, in an exceedingly curious move, U.S. Bank spends much of their opposition arguing that Plaintiff has failed to adequately plead his various causes of action. A motion for preliminary injunction, however, is not decided on the basis of the pleadings but on the evidence submitted by the parties in support or opposition to that motion. U.S. Bank largely ignores Plaintiff's declaration, its attached exhibits and virtually every fact adverse to their defense. And the declaration submitted by them does not even conflict with Plaintiff's declaration. Thus, the evidence before the Court decisely weighs in favor of Plaintiff, and for that reason, the Court should grant his request for a preliminary injunction.

**ARGUMENT**

U.S. Bank fails to refute Plaintiff's showing that he is entitled to preliminary equitable relief in advance of trial. Consequently, the Court should grant Plaintiff's motion and enjoin the foreclosure proceedings upon Plaintiff's home.

## I. U.S. BANK MISSTATED THE APPLICABLE STANDARDS.

U.S. Bank begins its opposition with a plainly incorrect statement of law by claiming that courts no longer employ a "sliding scale" approach in evaluating the four *Winter* elements to determine whether to grant a preliminary injunction. As cited in Plaintiff's opening brief, however, the Ninth Circuit has expressly held that a modified "sliding scale" approach is still used by courts within this circuit. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

Thus, a court may grant a preliminary injunction to a moving party even if that party can not demonstrate a likelihood of succeeding on the merits at trial. *Id.* at 1131-32. As long as it meets the other two *Winter* elements, a moving party that establishes that the balance of hardships tips sharply in its favor is entitled to an injunction if it establishes merely that "serious questions" goes to the merits of its claims. *Id.*

## II. THE EQUITIES FAVOR AN INJUNCTION.

Plaintiff articulated in his opening brief why his claims satisfy all of the *Winter* factors, including the factors based upon equitable principles: (1) irreparable injury, (2) the balance of hardships tips in Plaintiff's favor and (3) a preliminary injunction serves the public interest. U.S. Bank's arguments against all these points are clearly distinguishable.

### A. Plaintiff Has Demonstrated Irreparable Injury.

The law is absolutely clear that the loss of one's home through a foreclosure is considered an irreparable injury incapable of remediation by a monetary damages award. *See* Plaintiff's Motion for Preliminary Injunction at 13-14 ("Motion") (citing numerous cases in multiple jurisdictions for proposition). Notably, U.S. Bank ***does not cite a single case*** holding that damages can adequately compensate a party for a wrongful foreclosure in lieu of injunctive relief. In fact, the one case that U.S. Bank cites for its argument, *Alcaraz v. Wachovia Mortgage FSB*,

592 F. Supp. 2d 1296 (E.D. Cal. 2009), actually holds that "'Losing one's home through foreclosure is an irreparable injury.'" *Id.* at 1301 (citing cases). Now, U.S. Bank does claim that *Alcaraz* holds that no irreparable harm is caused by a foreclosure when the homeowner holds no equity in that home.[1] This is a complete misreading of that opinion, however, as the *Alcaraz* court merely noted that the irreparable harm caused by a foreclosure by itself did not entitle a plaintiff to a preliminary injunction. *Id.* Essentially, the *Alcaraz* court was simply pointing out the obvious – that a plaintiff needed to satisfy the other *Winter* factors before obtaining a preliminary injunction.

U.S. Bank also argues that no irreparable injury exists because a foreclosure sale remains speculative. There is nothing speculative about the undisputed fact, however, that U.S. Bank has recorded a Notice of Default against Plaintiff's property. This is not an idle act, as the Notice of Default is "the crucial first step in the foreclosure process." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 221 (2010). Importantly, U.S. Bank has not rescinded that Notice of Default and judging by the tenor of its brief, fully intends to go forward with that sale. And because the most recent Notice of Default was recorded on May 16, 2013, or ninety days ago, U.S. Bank is now free to schedule a trustee's sale of the property with only twenty-one days' notice. Cal. Civ. Code § 2924(a)(4). Plaintiff therefore faces the imminent, tangible danger of losing his home.

Moreover, the cases cited by U.S. Bank are all readily distinguishable. In *McLean v. Aurora Loan Servicing*, No. 11CV0455-LAB(NLS), 2011 WL 4635027 (S.D. Cal. Oct. 5, 2011), the defendant had not engaged in any foreclosure proceedings against the plaintiff. The plaintiff's request to enjoin a foreclosure was therefore denied as speculative as the defendant had not taken any actions to foreclose on the plaintiff's home. *Id.* at *2. And the Court's opinion in *Nardico v. JP Morgan Chase & Co.*, No. C 12-4891 JPH, 2013 WL 114096 (N.D. Cal. Jan. 11, 2013), is not apposite because the opinion makes no mention of the factual posture of that case. One knows only that the defendant had not yet scheduled a trustee's sale, but it is impossible to determine

---

[1] U.S. Bank made this argument because it claimed that Plaintiff had failed to allege a loss of equity in his property. U.S. Bank is wrong. *See* Complaint ¶ 42.

1 whether the bank had filed a Notice of Default as of the time of the hearing.

2 What is apposite is the matter of *Sundance Land Corp. v. Community First Federal
3 Savings and Loan Ass'n*, 840 F.2d 653 (9th Cir. 1988). In *Sundance*, the Ninth Circuit affirmed a
4 preliminary injunction of a judicial foreclosure and held that because real property is unique,
5 damages were not an adequate remedy in the absence of equitable relief. *Id.* at 656 & 661.
6 Obviously, no sale date is set in a judicial foreclosure until the party seeking to foreclose has
7 actually prevailed in that action. Yet the lack of an actual sale date did not bar an injunction on
8 the grounds that a foreclosure was speculative. The fact that a party was actively going through
9 the foreclosure process meant that it was fairly obvious that the plaintiff faced a tangible harm.

### B. The Balance of Equities Tips Sharply in Plaintiff's Favor.

In his opening brief, Plaintiff cited multiple cases holding that with respect to a foreclosure, the balance of equities always tips sharply in favor of the homeowner because the fact that a preliminary injunction temporarily delays a lender from recovering its loan principal does not outweigh the irreparable injury caused from losing one's own home. *See* Motion at 14. U.S. Bank does not cite a single case in response.

Instead (and somewhat unbelievably), U.S. Bank advances the argument that the balance of equities tips in its favor because an injunction would deprive it of the ability to recover its loan. U.S. Bank's feeble contentions do not stand up to the multiple authorities cited by Plaintiff and unrebutted by U.S. Bank.

### C. The Public Interest Is Served by a Preliminary Injunction.

Plaintiff previously established that enjoining U.S. Bank from foreclosing upon his home would serve the public interest. *See* Motion at 14-15. Though U.S. Bank's opposition brief has a heading that indicates it intends to rebut this point, it fails to make any argument whatsoever on this point.

### III. U.S. BANK FAILED TO DISPROVE THE EXISTENCE OF SERIOUS QUESTIONS AS TO THE MERITS OF PLAINTIFF'S CLAIMS.

In his opening brief, Plaintiff demonstrated by way of his declaration and the supporting exhibits that U.S. Bank has breached the terms of the Note and the Deed of Trust. The evidence

also establishes that U.S. Bank has engaged in tortious conduct towards Plaintiff regarding his attempts to reinstate his mortgage.

U.S. Bank does not dispute this evidence. Instead, it submits a declaration by its employee Eloise Carillo that fails to contradict most of Plaintiff's evidence. And Ms. Carillo's declaration fails to attach a single document in support of the claims made therein. This Court has granted preliminary injunctions against a lender attempting to foreclose on a home under similar circumstances.

For example, in *Paik v. Wells Fargo Bank, N.A.*, No. C 10-04016 WHA, 2011 WL 109482, at *3 (N.D. Cal. Jan. 13, 2011), this Court stated that "the dearth of evidence from defendant [rebutting plaintiff's declaration] speaks volumes" in determining that the plaintiff had presented a serious question on the merits. Moreover, in *Tamburri v. Suntrust Mortg., Inc.*, No. C-11-2899, 2011 WL 2654093, at *4 (N.D. Cal. July 6, 2011), this Court held that "[w]hile the declarations arguably are in equipoise, the failure of [defendant] to provide anything beyond the declaration… is problematic" and similarly found that a serious question existed as to the merits.

Here, U.S. Bank's attempt to rebut Plaintiff's evidence is as deficient as the defendant lender's efforts in *Paik* and in *Tamburri*. Accordingly, much like this Court did in those cases, it should grant a preliminary injunction for Plaintiff.

**A.     U.S. Bank Breached the Implied Covenant of Good Faith and Fair Dealing.**

U.S. Bank strangely claims that Plaintiff's implied covenant claim fails because has not pointed to any specific contractual provisions that it violated. This contention is quite obviously incorrect upon even a cursory review of Plaintiff's opening brief. For example, Plaintiff pointed out that U.S. Bank has interfered with section 19 of the Deed of Trust, which concerns Plaintiff's right to reinstate his delinquent mortgage. *See* Motion at 7. Plaintiff also argued that U.S. Bank had breached section 16 by failing to provide him with an accurate accounting. *Id.* at 8. Plaintiff additionally argued that U.S. Bank breached sections 3 and 5 by imposing a lump sum escrow charge. *Id.* at 9. Finally, Plaintiff claimed that U.S. Bank breached section 9 by improperly issuing property preservation fees without doing any actual maintenance work on Plaintiff's home. *Id.*

1    U.S. Bank also attempts to refute Plaintiff's implied covenant claim by reciting
2 uncontested facts – namely, that Plaintiff is delinquent on his mortgage. When not pointing out
3 the obvious, U.S. Bank remains silent as to virtually all the key evidence introduced by Plaintiff
4 demonstrating the existence of a serious question as to the merits of this implied covenant claim.
5 U.S. Bank does not rebut that:

- U.S. Bank's employee told Plaintiff that his total delinquency was $74,643.23 and that a payment of that amount would bring his mortgage current.

- Plaintiff immediately paid U.S. Bank $74,643.23.

- U.S. Bank did not inform Plaintiff until much later than this $74,643.23 figure was incorrect and, for no good reason, took months to provide him with a purportedly accurate accounting statement.

- U.S. Bank included in Plaintiff's total delinquency fees for various services, such as property preservation, that it never performed.

- U.S. Bank included in Plaintiff's total delinquency late charges against Plaintiff even though such late charges were directly caused by its employees making material misrepresentations to Plaintiff and engaging in dilatory conduct regarding Plaintiff's attempts to ascertain an accurate reinstatement figure.

- U.S. Bank charged compounding interest against Plaintiff's total delinquency even as its employees engaged in dilatory conduct regarding Plaintiff's attempts to ascertain an accurate reinstatement figure. The longer U.S. Bank dithered in providing a proper accounting to Plaintiff, the greater the effects of compounding interest on Plaintiff's total delinquency.

18   Now, U.S. Bank does try to rebut some of Plaintiff's evidence by claiming that it was
19 justified in assessing a lump sum escrow charge on the grounds that Plaintiff has supposedly not
20 made any property tax or insurance payments. Ms. Carillo attests to such facts but fails to include
21 any documentary support for that claim. The failure to do so is curious, especially when, for
22 example, Plaintiff's declaration ***attached a letter from U.S. Bank*** verifying that he was current on
23 his insurance payments. *See* Declaration of Marshal Rothman ("Rothman Decl.") ¶ 29 & Ex. P.
24   Moreover, the wording of Ms. Carillo's declaration is extremely particular, and for good
25 reason. She claims that U.S. Bank had been advancing fees because "Plaintiff has failed to pay
26 his property taxes[.]" *See* Declaration of Eloise Carillo ("Carillo Decl.") ¶ 4. Again, this is only
27 restating the obvious because Plaintiff already explained that U.S. Bank had been making the
28 actual property tax payments. *See* Rothman Decl. ¶ 28. Notably, she did not dispute Plaintiff's

- 6 -   PLTF'S REPLY ISO MOTION FOR PRELIM. INJ., CASE NO. 4:13-CV-03381-MMC

1  sworn statement that U.S. Bank had been collecting from him monthly escrow payments in
2  advance of it disbursing these property tax payments and, more importantly, *that he had been*
3  *current on all of those monthly payments.*  Id.  U.S. Bank could have submitted records showing
4  that it had actually paid Plaintiff's property taxes with its own money.  It did not presumably
5  because it can not.

6  In short, U.S. Bank has "advanced" nothing towards payment of Plaintiff's property taxes.
7  All property tax payments made by them had already been collected in advance from Plaintiff and
8  were simply sitting in escrow.  When Plaintiff became delinquent on his mortgage, U.S. Bank
9  unethically and unlawfully accelerated the entire balance of his remaining escrow payments even
10 though the deadline to pay Plaintiff's property taxes was far off in the future.  U.S. Bank then
11 claimed that Plaintiff had been delinquent on this escrow balance and needed to pay it in full to
12 reinstate his mortgage.  If this interference with Plaintiff's right to reinstate his mortgage is not a
13 breach of the implied covenant of good faith and fair dealing, it is difficult to imagine what kind
14 of conduct could qualify as such.

15 Finally, in trying to rebut Plaintiff's claims, U.S. Bank argues that the Customer Activity
16 Statements it provided to him qualifies as an accurate accounting.  U.S. Bank says nothing in
17 response to Plaintiff's point that such statements clearly include erroneous fees, such as property
18 preservation fees charged by U.S. Bank even though it never performed any maintenance of
19 Plaintiff's property.  And, U.S. Bank apparently thinks that such documents are legible and easy
20 to understand.  Plaintiff is a sophisticated businessman who understands accounting, and he can
21 not decipher these documents.  He strongly suspects the Court is in a similar position.  If so, then
22 Plaintiff plainly deserves a detailed, accurate, comprehensible accounting from U.S. Bank.

23 Regarding his causes of action, it is important to note that Plaintiff is not seeking by way
24 of this lawsuit to live in his home "mortgage-free."  He wants to reinstate that mortgage, as
25 demonstrated by the uncontested facts.  What he does not want, and what he is not required to do,
26 is to pay U.S. Bank money that is not owed by him under his loan agreement.  He is entitled to an
27 accurate calculation of his total delinquency.  By contrast, U.S. Bank argues that it has the
28 absolute right to arbitrarily calculate a borrower's contractually and statutorily-mandated right to

reinstate a delinquent mortgage without regard to the terms of the contract or the requirements of law. And U.S. Bank believes that it is allowed to make all kinds of material misrepresentations to the borrower in connection with their attempts to reinstate their mortgage. U.S. Bank apparently thinks that whatever reinstatement figure it comes up with, the borrower is required to pay that figure without complaint or challenge, and, if that figure is incorrect, the borrower is not entitled to any recourse. U.S. Bank's position is not permitted under their contract, is not sanctioned by law and represents a breach of the implied covenant of good faith and fair dealing.

### B. U.S. Bank Breached the Deed of Trust.

U.S. Bank does not dispute that under section 3 of the Deed of Trust, it could only require Plaintiff to make escrow payments towards his property taxes in twelve monthly installments instead of as a single lump sum. In fact, U.S. Bank says nothing at all about this critical point and merely regurgitates its unsubstantiated claim that Plaintiff had not been making his property tax or insurance payments. Requiring Plaintiff to make a lump sum escrow payment as a condition of reinstating his mortgage is therefore a breach of contract.

Similarly, regarding Plaintiff's property preservation fee claims, U.S. Bank merely states that the Deed of Trust permits it to charge Plaintiff for any property preservation services performed by it. All true, but what U.S. Bank fails to refute is that it charged such fees upon Plaintiff even though it ***did not perform*** any property preservation services whatsoever on Plaintiff's home. Charging fees for non-existent services is a breach of contract.

U.S. Bank also argues that Plaintiff can not maintain a breach of contract action because he failed to perform under the Deed of Trust by failing to make his monthly mortgage payments and is not otherwise excused from performing. As previously held by this Court, however, the contractual provisions regarding reinstatement of a borrower's mortgage already presume that the borrower had defaulted on the loan and sets forth the bargained-for provisions governing the parties' conduct in the event of that breach. *Cruz v. JP Morgan Chase Bank, N.A.*, No. C 12-3219 CW, 2012 WL 4936553 at *6 (N.D. Cal. Oct. 17, 2012). As Plaintiff can not invoke his right to reinstate his mortgage unless he has defaulted on his mortgage payments, U.S. Bank can not rely on such default to avoid performing as it should under the contract. *Id.*

Furthermore, Plaintiff is excused from performing because he already paid in full the amount that U.S. Bank claimed was his total delinquency. It was U.S. Bank's responsibility to provide him with an accurate accounting after they decided that his $74,643.23 payment did not cure this delinquency. Their failure to do so means Plaintiff is excused from paying off his delinquency until he has received a comprehensive, accurate accounting as to the total amount of money owed by him. *See* Cal. Civ. Code § 1511 (performance excused when it is delayed by act of creditor).

### C. U.S. Bank Is Liable for Wrongful Foreclosure.

U.S. Bank's sole argument concerning Plaintiff's wrongful foreclosure claim is that such a claim is premature until a foreclosure has taken place. To that end, U.S. Bank cites a number of opinions from the Eastern District of California. U.S. Bank, however, fails to cite any authority from this Court. This is not surprising, as this Court has already held that U.S. Bank's position is incorrect. As stated by this Court:

> If the foreclosure is indeed wrongful, it seems artificial and counter to the rules of equity to require Plaintiffs to wait for the inevitable to take place—the sale of their property—before bringing suit…. As the complaint prays for an injunction based on allegedly wrongful foreclosure, the court finds it appropriate to examine the merits of the wrongful foreclosure claim, even though no sale has yet taken place.

*Nguyen v. JP Morgan Chase Bank N.A.*, No. 12-CV-04183, 2013 WL 2146606, at *4 (N.D. Cal. May 15, 2013).

Here, Plaintiff has shown that serious questions exist regarding this claim. US Bank accepted Plaintiff's tender of the total amount of indebtedness as reported by US Bank itself. Accordingly, US Bank's refusal to reinstate Plaintiff's mortgage, and its subsequent failure to provide Plaintiff with a proper accounting, constitute tortious behavior.

### D. U.S. Bank Engaged in Negligent Misrepresentation.

U.S. Bank's arguments against Plaintiff's negligent misrepresentation claim are largely incoherent. U.S. Bank claims that Plaintiff could not justifiably rely on the Point of Contact's

misrepresentations as a basis for this cause of action. Even if it is true (and it is not)[2], U.S. Bank apparently forgets that the primary misrepresentation at issue was its employee telling Plaintiff that payment in the amount of $74,643.23 would reinstate his mortgage. U.S. Bank pretends this misrepresentation did not happen.

U.S. Bank then claims that there was no detrimental reliance. It argues (again without citation to any authority) that the $74,643.23 payment did not constitute detrimental reliance because Plaintiff already owed that money to U.S. Bank. As an initial matter, that is a nonsensical statement because U.S. Bank's misrepresentation caused Plaintiff to part with $74,643.23 that it otherwise did not have to pay. As Plaintiff's mortgage is a non-recourse loan, U.S. Bank is not entitled to any payment from Plaintiff and can not pursue any deficiency judgment against Plaintiff.

More importantly, U.S. Bank misapprehends the very nature of the detrimental reliance Plaintiff has presented to the Court. U.S. Bank's negligent misrepresentation was that it gave Plaintiff an incorrect reinstatement figure and Plaintiff detrimentally relied on that misrepresentation by paying that incorrect reinstatement figure instead of the correct reinstatement figure. Had U.S. Bank provided the correct figure from the very beginning, then this action would not exist because Plaintiff would have paid that figure, erased his delinquency and would not have been subject to the compounding interest, late charges and various other fees levied by U.S. Bank.[3]

Finally, U.S. Bank bizarrely argues that Plaintiff's negligent misrepresentation claim fails

---

[2] Plaintiff notes that U.S. Bank fails to point to any citable authority for its argument that justifiable reliance does not exist when a misrepresentation is contradicted by the terms of a contract. This is likely because under California law, a written contract can be modified by oral promises. Cal. Civ. Code § 1698. Thus, actionable misrepresentations can and do happen following the execution of a contract.

[3] U.S. Bank also claims that there was no detrimental reliance because Plaintiff was soon notified about the escrow fees after he made his $74,643.23 payment. That is not correct, as U.S. Bank had only informed Plaintiff that he was still delinquent by nearly $58,000. *See* Rothman Decl. ¶ 14 & Ex. D. There was no mention of the escrow fees (which are illegitimate anyway, *supra*). Plaintiff was understandably confused as to why he suddenly needed to pay an extra $58,000 and U.S. Bank's Point of Contact took months to clarify this issue for him. *Id.* ¶ 15.

1 due to his supposed failure to plead that claim with particularity in the Complaint.  Even if that is
2 true, U.S. Bank totally ignores the fact that *in his declaration*, Plaintiff specifically (1) identifies
3 the name of the person who made the misrepresentation, (2) specifically identifies the date of this
4 misrepresentation and (3) specifically identifies the misrepresentation itself – that U.S. Bank told
5 him that a payment of $74,643.23 would reinstate his loan.  *See* Rothman Decl. ¶ 12.  Plaintiff
6 also provides similarly specific information regarding the misrepresentations made by U.S.
7 Bank's point of contact.  *Id.* ¶¶ 10-11.  U.S. Bank's focus on the pleadings (which are not
8 evidence) and ignoring Plaintiff's declaration (which is evidence) is a clear example of trying to
9 elevate form over substance.

### E. U.S. Bank Violated RESPA.

U.S. Bank argues that Plaintiff's RESPA claim fails because it had no obligation to provide a good faith estimate of Plaintiff's indebtedness in response to a qualified written request.  Even if true, U.S. Bank forgets that Plaintiff has an additional RESPA claim – that U.S. Bank violated the law by requiring a lump sum escrow payment from Plaintiff as a condition for reinstating his mortgage.  U.S. Bank says nothing at all regarding this claim, which is a tacit admission that serious questions exist as to the merits of this claim.[4]

### F. U.S. Bank Violated California's Foreclosure Laws.

U.S. Bank's argues that California Civil Code section 2924.17 applies only to the practice of "robo-signing" that was in pervasive use amongst the banks.  There is nothing in the statute that provides such a limitation, and the *Michael J. Weber Living Trust v. Wells Fargo Bank, N.A.*, No. No. 13–cv–00542–JST, 2013 U.S. Dist. LEXIS 41797 (N.D. Cal. Mar. 25, 2013) case cited by U.S. Bank does not impose such a restriction.  The statute's proscription against "robo-signing" is codified as subsection (b).  Subsection (a), which is what Plaintiff's cause of action relies upon, features the requirement U.S. Bank's Notice of Default be "accurate and complete."

---

[4] Reflecting U.S. Bank's strange reading of Plaintiff's papers in general, it argues that once the RESPA claims are dismissed, the Court would lack subject matter jurisdiction over this lawsuit. U.S. Bank apparently did not notice that Plaintiff has pled diversity jurisdiction in addition to federal question jurisdiction.

1  In reviewing a statute, a court must accept a plain and unambiguous meaning of the text if one
2  exists. *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 451 (2002). U.S. Bank's interpretation
3  of section 2924.17 ignores the very existence of subsection (a) and is inconsistent with its plain
4  and unambiguous language. Thus, U.S. Bank's interpretation is necessarily incorrect.

5     **G. U.S. Bank Violated California's Unfair Competition Laws.**

6    Similar to its arguments against Plaintiff's negligent misrepresentation claim, U.S. Bank
7  claims that Plaintiff's unfair competition law ("UCL") claims lack merit because he failed to
8  plead them with particularity. U.S. Bank's contention is wrong for two reasons.

9    First, as admitted by U.S. Bank, California law allows the violation of any statute to serve
10 as a predicate for stating a UCL claim. Plaintiff has alleged a violation of RESPA and
11 California's foreclosure statutes, which serve as predicates for his UCL claims. *See* Complaint ¶
12 93 (re-incorporating prior allegations of Complaint).

13   Second, as noted in the uncitable case presented by U.S. Bank, *United Food & Commer.*
14 *Workers Cent. Pa. v. Amgen, Inc.*, 400 Fed. Appx. 255, 257 (9th Cir. Cal. 2010), a plaintiff needs
15 to plead a UCL claim with particularity only if the plaintiff is proceeding under the "fraudulent
16 business act or practice" prong of California Business & Professions Code section 17200. This is
17 because Federal Rule of Civil Procedure 9(b)'s heightened pleading standards apply only when a
18 claim sounds in fraud. *Id.* Here, Plaintiff's UCL claims are based solely on the "unlawful" prong
19 of section 17200. *See* Complaint ¶ 94.

20   As for U.S. Bank's argument that the Home Owners Loan Act preempts section 17200,
21 Plaintiff notes that state laws that only incidentally affect the lending operations of federal
22 savings associations are accordingly preempted. 12 C.F.R. § 560.2(c). U.S. Bank does not
23 explain how section 17200, which principally entitles only Plaintiff to an injunction against any
24 foreclosure proceedings, has any material effect on U.S. Bank's lending operations. Similarly,
25 with respect to U.S. Bank's contention that the National Bank Act preempts section 17200, state
26 laws regarding contracts and torts are exempt from preemption. 12 C.F.R. § 34.4(b). Section
27 17200 fits within those categories.

28

**IV.   NO BOND IS NECESSARY.**

Should the Court grant Plaintiff's motion for a preliminary injunction, U.S. Bank asks that the Court require a bond equal to the value of Plaintiff's property. This request does not even make sense. U.S. Bank is not entitled to the entire value of the property; it is entitled only to the amount remaining under the promissory note. Any diminution in value is of no consequence to U.S. Bank, particularly when they have not introduced any evidence to refute Plaintiff's allegation that he possesses equity of several million dollars in the property.

Numerous cases have held that no bond is required to enjoin foreclosure proceedings because the lender's interests are already adequately secured through the deed of trust. *See, e.g.*, *Bhandari v. Capital One, N.A.*, No. C 12–04533 PSG, 2012 WL 3792766, at *2 (N.D. Cal. Aug. 31, 2012) (no bond was necessary because the loan was adequately secured by the property in question); *Rivera v. BAC Home Loans Servicing, L.P.*, No. C 10–02439 RS, 2010 WL 2280044, at *2 (N.D. Cal. June 7, 2010) (same). The Court should similarly hold that Plaintiff need not post a bond.

## CONCLUSION

Given the irreparable harm that Plaintiff will suffer if he is not granted immediate relief, this Court should issue the requested preliminary injunction enjoining U.S. Bank and Old Republic from foreclosing on the loan or selling the subject property prior to a trial on the merits.

Dated: August 14, 2013     THE GAW GROUP

By:   /s/ Randolph Gaw
      Randolph Gaw
      Attorneys for Plaintiff
      Marshal Rothman